1

855MCOXC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    KEITH THOMAS COX,

4                   Plaintiff,

5              v.                              07 Civ. 7654 (PKC)(DCF)

6    NATIONAL RAILROAD PASSENGER
     CORPORATION (Amtrak); POLICE
7    OFFICER RON HUNTE, #00441;
     AMTRAK POLICE; HUDSON GROUP
8    (Hudson News); STORE MANAGER
     RIFAT RIZVI; HUDSON NEWS 234
9    W. 33RD STREET; ASST. DIST.
     ATTY SCOTTO; CITY OF NEW YORK;
10   and GERARD MUNSKY,

11                   Defendants.

12   ------------------------------x
                                              New York, N.Y.
13                                            May 5, 2008
                                              10:05 a.m.
14
     Before:
15
                     HON. DEBRA C. FREEMAN,
16
                                              Magistrate Judge
17
                     APPEARANCES (by telephone)
18
     KEITH THOMAS COX, Plaintiff Pro Se
19
     LANDMAN CORSI BALLAINE & FORD
20        Attorneys for Defendants National Railroad Passenger
          Corporation; Police Officer Run Hunte; and Amtrak Police
21   BY:  RONALD E. JOSEPH

22   PULLMAN & COMLEY
          Attorneys for Defendants Hudson News and Rifat Rizvi
23   BY:  TIMOTHY G. RONAN

24   MICHAEL S. MORGAN
          Attorney for Defendants Asst. Dist. Atty Scotto; City of
25        New York; and Gerard Munsky

855MCOXC

1          (In chambers)

2          THE COURT:  Good morning, it's Judge Freeman.  I have

3  a court reporter here.  Could I have everyone's appearances for

4  the record.

5          MR. JOSEPH:  Appearing on behalf of Amtrak and the

6  police officer is Ronald Joseph.

7          MR. RONAN:  Appearing on behalf of Hudson News Company

8  and Rifat Rizvi, this is Tim Ronan.

9          MR. MORGAN:  Appearing on behalf of Assistant District

10  Attorneys Gerard Munsky and Michael Scotto, Michael Morgan.

11          THE COURT:  Mr. Cox, are you there?

12          MR. COX:  Yes.  Good morning.

13          THE COURT:  Good morning.

14          I believe this is the first time I have spoken to

15  anybody in this case.  I don't remember having any prior

16  conference with you, but it seems to me it's time that I did

17  and take stock of what exactly is happening and what needs to

18  happen.

19          The case was referred to me by Judge Castel for

20  general pretrial supervision.  If somebody give me a rundown.

21  I don't know who the best person is to do that.  Someone has

22  made a motion, is that right?

23          MR. MORGAN:  Michael Morgan.  The assistant district

24  attorneys have filed a motion to dismiss.  That motion is

25  pending before Judge Castel.

855MCOXC

1           THE COURT:   Is that fully briefed yet?

2           MR. MORGAN:   It is not.   The plaintiff's response is

3   due under the scheduling order on May 16.

4           THE COURT:   Quickly, what is the basis of that motion?

5           MR. MORGAN:   Prosecutorial immunity.

6           THE COURT:   Has anybody else filed a motion?   Have the

7   other parties answered?

8           MR. JOSEPH:   All the other parties have answered.   We

9   have outstanding discovery demands.   Notwithstanding that the

10  district attorney has made a motion to dismiss in lieu of an

11  answer, we really need their discovery.   Perhaps at some point

12  we can get to the same position.

13          It's my understanding, what happened here, your Honor,

14  is Mr. Cox was arrested by an Amtrak police officer at a Hudson

15  News store in Pennsylvania Station, New York City for taking

16  some maps and it was witnessed by an employee or employees of

17  Hudson News.   Amtrak processed the arrest.

18          It is my understanding that the prosecution was

19  ultimately dismissed pursuant to speedy trial which would have

20  nothing to do with Amtrak or its police department.   So we need

21  those records as well so that perhaps we can get into a

22  position for motions.   So we have served discovery demands both

23  on Mr. Cox and the district attorney and do not have responses,

24  and we do not have Rule 26 disclosures either.

25          THE COURT:   Obviously, where there is an immunity

4

855MCOXC

1    defense that's been raised, that can be a basis for staying

2    discovery as to that party at least.  But where that party

3    holds evidence that would be in any event subject to subpoena

4    for another party to use in defending itself in a lawsuit or

5    for a plaintiff to use in prosecuting a lawsuit, even if that

6    party were not in the case, it seems that discovery should go

7    forward.  There is no basis for a stay here of discovery as

8    against the other parties.

9            So, Mr. Morgan, your thoughts on this?

10           MR. MORGAN:  Well, I believe in light of my immunity

11   defense, I'm entitled, as a matter of law, to a stay.  I would

12   be willing to provide documentary discovery, but I would

13   request a stay of the normal party discovery, disclosures, of

14   that nature, because that's really going to be irrelevant once

15   the motion is decided.

16           THE COURT:  Assuming it's decided in your favor.  If

17   you are out of case, if your clients are out of the case, there

18   is still discovery that the existing parties could obtain from

19   the district attorney's office.

20           MR. MORGAN:  I agree.  That's why I would be willing

21   to take a modified stay, meaning like I would be willing to

22   produce documents.  But the kind of disclosures that I'm

23   required to make as a party under the rules I would object to.

24           THE COURT:  In other words, you want to be excused

25   from making Rule 26(a) disclosures, but you're willing to

855MCOXC

1    respond to document requests?

2           MR. MORGAN:  That's my offer of compromise, as opposed

3    to litigating a stay issue.

4           THE COURT:  How do other parties feel about that?

5    Mr. Joseph.

6           MR. JOSEPH:  I think that the document disclosures

7    that I requested would probably pretty much encompass a 26(a).

8           THE COURT:  In other words, you'd get what you need

9    that way?

10          MR. JOSEPH:  Yes.

11          MR. RONAN:  Your Honor, this is Tim Ronan.  I

12   represent Hudson News and Rifat Rizvi.  I think the documentary

13   disclosure should be sufficient.  I mean, there were some

14   documents attached to the motion for dismiss which were clearly

15   produced from the ADA's file.  It is the nature of that

16   information, the written documentation, that we would like to

17   see.

18          There is also an allegation made by Mr. Cox in his

19   complaint and in another document that he filed after we filed

20   affirmative defenses which suggest that there were some

21   requests made of my client which they didn't comply with.  I'd

22   like to see if those requests were ever made.  They would be

23   documented if they were made in documents first.  I would like

24   to know if those requests were made orally.

25          THE COURT:  Requests by whom?

855MCOXC

1        MR. RONAN:   It was a suggestion that Hudson News

2    received a request from someone for surveillance tapes, and

3    we'd like to see if that request was ever documented or

4    recorded.

5        THE COURT:   When you said by someone, you mean by

6    plaintiff's defense counsel?

7        MR. RONAN:   One allegation I've seen is that it was

8    raised by plaintiff's defense counsel during a court hearing,

9    and there was a suggestion that that was somehow conveyed to my

10   client.  I'd like to see if it ever was conveyed to my client

11   by the ADA's office.

12       THE COURT:   In other words, what you're saying is --

13       MR. RONAN:   I got to prove a negative, your Honor.

14       THE COURT:   What you're saying is that if plaintiff's

15   defense counsel made the request, it would have made the

16   request to the DA's office.  The DA's office would have then

17   turned around to make the request to your client.  So you're

18   looking for the information from the DA's office.

19       MR. RONAN:   Correct, your Honor.

20       MR. MORGAN:   As a practical matter, your Honor, that's

21   not how it would work.  The prosecutor's office doesn't do

22   discovery for a criminal defendant.  If the criminal defense

23   wanted those tapes, they would have been required to subpoena

24   them directly.

25       THE COURT:   Mr. Cox, you want to say something?

855MCOXC

1          MR. COX:  Yes.  In reference to that issue, it was

2     made by my lawyer as well as myself for the surveillance videos

3     to be subpoenaed.  The judge agreed to it, the ADA that stood

4     in at the time of arraignment said, okay, I will acquire those

5     videotapes.  The lawyer at the time that was assigned to me was

6     S. Levine from the Legal Aid Society.  At that time we were

7     expecting those videos because due to the fact that the

8     assistant prosecutor agreed in front of the judge, I don't

9     recall his name at this time, who said, all right, obtain those

10    videos, and they agreed to obtain those videos.

11         THE COURT:  I'll allow the document requests at this

12    time to go forward so that Mr. Morgan, if you could respond to

13    the document requests that are being made.

14         MR. MORGAN:  Okay.

15         THE COURT:  I'll excuse you from your obligation to

16    make Rule 26(a) disclosures.

17         Everyone else, however, should go forward with all

18    disclosures if you haven't done so already, and we will hold

19    off on depositions for the time being.  I don't know if any

20    witness from the ADA's office would have relevant information

21    and if any other party should want a deposition of anyone from

22    the ADA's office, but we can hold off on that for the time

23    being.

24         What I'll do is I'll schedule a follow-up conference

25    before we hit the time when any depositions would be scheduled,

855MCOXC

1    take stock of the status of paper discovery, and see if

2    depositions are going to be needed and, if so, on what kind of

3    timetable.

4         MR. COX:  Excuse me, your Honor, I have a question.

5    If I'm supposed to produce documents I don't have, which is in

6    the possession of my appellate lawyer, which have never gotten

7    to me, how am I supposed to produce those?

8         THE COURT:  Is this an attorney that you're in touch

9    with?

10        MR. COX:  She just filed for reassignment of counsel.

11        THE COURT:  Is this person that you are in touch with

12   or can request a copy of the papers from?

13        MR. COX:  I made a request and I haven't retained any.

14        THE COURT:  You haven't received anything?

15        MR. COX:  No.

16        THE COURT:  Perhaps you can provide the name of

17   counsel and if you can't get the documents yourself by having

18   your counsel turn them over to you, perhaps defendants can

19   subpoena them from the attorney.  But it should not be

20   necessary.  You should be able to get the copies from your own

21   attorney.

22        MR. COX:  I don't think she is my attorney of record

23   anymore --

24        THE COURT:  But you're still entitled to the documents

25   from her, unless they are her own work product.

855MCOXC

1          MR. COX:  Right.  I will ask her again.

2          THE COURT:  Ask her again.

3          Let me set at least a first step of a discovery

4    schedule and then we will reconvene here.  Or maybe what I'll

5    do is I'll set an end date for discovery just so you have an

6    idea and then we will take it in stages within that time frame.

7          What are the parties thinking about how much time

8    would be needed for all fact discovery in the case, just

9    ballpark?  Do you think this is a four-month kind of case,

10   six-month kind of case?

11         THE COURT:  Mr. Joseph.

12         MR. JOSEPH:  It would be at least four to six months,

13   your Honor.  I wouldn't want to do this any shorter just

14   because Mr. Cox -- what his situation is right now.

15         THE COURT:  Why don't I do this.  Why don't I say

16   discovery fact discovery will be concluded the end of

17   September, that's September 30.  And that's just a deadline

18   that you can all calendar, be thinking about, and be raising

19   issues with me accordingly.  And then let's set an interim date

20   and hopefully by then the document disclosure will be made.

21         Is anyone still planning to serve document requests or

22   anyone who wants to serve a request has done that, an initial

23   request, has done that and you're just waiting for responses?

24         MR. JOSEPH:  Your Honor, based upon what Mr. Cox just

25   stated, I am going to have to -- I'll serve a supplemental one

855MCOXC

1    on the DA's office.  I don't believe I asked for actual dates

2    of appearances and things like that from the DA's office.  So I

3    am going to need that since the court file is sealed so I can

4    try to obtain any minutes in which anybody may have agreed to

5    turn things over.

6              THE COURT:  When you have a sealed record like this,

7    Mr. Morgan, what is your sense of how this would have to

8    proceed?

9              MR. MORGAN:  Well, I mean, if it were in fact sealed I

10   wouldn't even be able to get my own file.  I have unsealed our

11   files because I moved in the state court for a nonsealing

12   order.  Mr. Cox is actually supposed to execute a sealing

13   waiver, having brought this lawsuit.  And as a matter of law he

14   has actually waived the sealing by bringing the lawsuit.  It's

15   really kind of a nonissue.  I do understand that the other

16   defense counsel won't be able to get to the court records

17   absent an order, an order or a stipulation of waiver by the

18   plaintiff.

19             MR. JOSEPH:  Your Honor, I will write to you and ask

20   that you provide us with an unsealing order for the state

21   court.

22             THE COURT:  I don't know if I can do that or if you

23   need to get that from the state court.

24             MR. MORGAN:  Your Honor, our position is they do need

25   to get it from the state court.

855MCOXC

1        THE COURT:  I would think that's right.  Maybe the way

2   to go, Mr. Cox, if you're willing to sign the necessary waiver,

3   defense counsel in this case can provide that to you and then

4   can do what's necessary to provide that to the state court.

5        MR. COX:  I have no problem with it.

6        THE COURT:  In that case maybe, Mr. Morgan, if you

7   have the appropriate form for a waiver, if you could get that

8   to Mr. Cox and provide copies to other defense counsel and you

9   can coordinate among you how it all gets presented to the state

10  court.

11       MR. MORGAN:  I can work on that.

12       THE COURT:  I'll leave it to defense counsel to confer

13  in good faith about how this is all going to be accomplished.

14       Because of the sealing of the records, is it going to

15  take longer to get them produced?  What's a likely time frame

16  on this so I can be sensible about when I schedule a follow-up

17  question?  Mr. Morgan.

18       MR. RONAN:  Your Honor, my records are unsealed.  They

19  are in my office right now.  That won't take very long at all.

20  In truth, the state court records are not going to be very

21  voluminous because this was a case that was disposed of rather

22  quickly.  Once there is the actual order, it just takes a

23  question of how long it takes to get them from archives, just a

24  week or two.

25       MR. JOSEPH:  Then with that I'll need to start

12

855MCOXC

1    ordering transcripts to see what was said at each of these

2    hearings.

3              THE COURT:  Why don't we take this in steps then.  How

4    about I schedule a follow-up conference maybe the end of June

5    and see where you are, hopefully you're all diligently

6    responding to the requests made to the extent you're able.  By

7    that point we will see if you've gotten everything or if there

8    is anything still outstanding on the document front and see if

9    anyone else is poised and ready to make any kind of motions.

10             How does that sound?

11             MR. RONAN:  That works for my clients, your Honor.

12             MR. JOSEPH:  That's fine with me.

13             MR. MORGAN:  That's fine as well.

14             THE COURT:  Mr. Cox, is that all right with you?

15             MR. COX:  Yes, I agree.

16             THE COURT:  How about Friday, June 27 at 10:00?  Does

17   that work?  Does anyone have a problem with that date?

18             MR. JOSEPH:  I don't have a problem.

19             MR. RONAN:  No problem.

20             MR. MORGAN:  No problem.

21             THE COURT:  We will do Friday, June 27 at 10:00.

22   Inform us if you need us to call into a number like we did

23   today, and we will take stock then.

24             I know it's early in the case.  Is there any hope of

25   settlement by any of the parties here?  Let me ask if any of

13

855MCOXC

1    you, and then just identify yourself, if any of you have any

2    interest in that approach.  I'll take you one at a time.

3              Mr. Joseph.

4              MR. JOSEPH:  No.  My client doesn't want to settle.

5              THE COURT:  Mr. Ronan.

6              MR. RONAN:  No authorization from my clients to

7    settle, your Honor.

8              THE COURT:  Not at this time?

9              MR. RONAN:  Not at this time.

10             THE COURT:  Mr. Morgan.

11             MR. MORGAN:  Not in view of our outstanding motion,

12   no.

13             THE COURT:  Mr. Cox, it never hurts to make a

14   settlement demand.  It can be different to the different

15   defendants here, depending on what you think about their

16   different roles.  If you make one, you never know, you might

17   get a response.  And periodically through the course of my

18   supervision of this case I am going to ask about the

19   possibility of settlements and whether I can assist you.  It's

20   a little early right now when you're still waiting to get some

21   critical evidence to size it up, but, Mr. Cox, if you make a

22   settlement demand I'll just tell you this.  The more reasonable

23   it is, the more likely you are to get a response.

24             MR. COX:  I understand.

25             THE COURT:  Plaintiffs who make a demand of $70

855MCOXC

1     million, to quote a demand that was made in another case of

2     mine at some point, are not as likely to get a response.

3     MR. COX:  I understand.

4     THE COURT:  I'll talk to you then.  If anyone needs

5     anything from me, you can send a note.  I can always schedule a

6     telephone conference in the interim should something come up

7     that needs attention.  If you do have a dispute about

8     discovery, try to work it out on your own first.  If anyone

9     needs assistance in setting up a call with Mr. Cox, we can

10     always provide that kind of assistance.

11     Mr. Cox, anything you send to the court should be sent

12     by way of the pro se office.  If it is on the motion that is

13     pending, the motion to dismiss, it should be directed to Judge

14     Castel so it goes to the pro se office with a note saying

15     please forward to Judge Castel.  If it's on a discovery matter,

16     send it to the pro se office with a note that it should be

17     forwarded on to Judge Freeman.

18     MR. COX:  I did respond to the motion to dismiss and

19     it's noted in the pro se clerk's office.

20     THE COURT:  Very well.  It's just the reply that's

21     outstanding.

22     MR. COX:  It's noted as the 14th as being received.

23     THE COURT:  The ADA's office now needs to file its

24     reply for that motion to be fully briefed.

25     MR. COX:  I believe so.

855MCOXC

1            THE COURT:  Mr. Morgan, did you get opposition papers?

2            MR. MORGAN:  I have not received opposition papers

3    yet.

4            THE COURT:  You might check with the court.

5            MR. RONAN:  Your Honor, none of the defense counsel

6    have received copies of those opposition papers.

7            MR. MORGAN:  Your Honor, I'm looking at the docket

8    sheet now.  They haven't been docketed.

9            MR. COX:  I have a copy of the document sheet that I

10   received Friday from the pro se clerk office and it's docketed.

11           THE COURT:  We will check on it with docketing, with

12   pro se and see if we can figure out what happened there.  I'll

13   just ask defense counsel to follow up with us if you still

14   don't receive it.

15           Did you serve copies, Mr. Cox, or did you just send

16   copies to the pro se?

17           MR. COX:  I got copies of the disbursement forms that

18   I used to send it out, affidavit of service that I'm looking at

19   right now.

20           THE COURT:  How long ago did you send it out?

21           MR. COX:  It's notarized April 10.

22           THE COURT:  And you sent copies to Mr. Joseph and

23   Mr. Ronan and Mr. Morgan?

24           MR. COX:  Yes.  I'm looking at the addresses right

25   now.  Mr. Ronald E. Joseph, Michael S. Morgan, and at the time

855MCOXC

1    for Pullman & Comley, Ms. Cara Ann Ceraso.

2        MR. RONAN:  She is my colleague.  We haven't received

3    those, your Honor.

4        THE COURT:  We will check with the pro se office.  If

5    it's in the court, defense counsel can always get a copy from

6    the court if there is a service problem.  We will have to keep

7    tabs on problems like this over time because it's not uncommon

8    for there to be mail delays with mail coming out of

9    correctional facilities, but this is a rather long delay.  You

10    can follow up with our chambers on that if you're still not

11    receiving it.  Okay.

12        I'll talk to you again in June, unless someone needs

13    me sooner.  Carry on with the document discovery.  If there are

14    short interrogatories that would be useful also in pinning down

15    some basic information so that everybody can analyze their case

16    fairly, you can go ahead and get those served and responded to

17    as well.

18        Mr. Morgan, I think basic document requests and basic

19    interrogatories go hand in hand even if you're not making Rule

20    26(a) disclosures.  Obviously, if an interrogatory starts

21    looking like the substitute for a deposition or something

22    that's very burdensome, you'll making an appropriate objection

23    and we will take it from there.  If it's asking something like,

24    what was the date of an appearance or something along those

25    lines, perhaps you can respond to those as well and just help

855MCOXC

1    us get the other defendants the evidence they need.

2            MR. MORGAN:   Yes, your Honor.

3            THE COURT:   Thank you, all.   Let me just ask

4    defendants if you would collectively somehow be kind enough to

5    order a copy of the transcript of this conference and provide a

6    copy to Mr. Cox.   I would appreciate that.

7            MR. RONAN:   Yes, your Honor, we will take care of it.

8            THE COURT:   Thank you so much.

9                              o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25