UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEITH THOMAS COX,

                            Plaintiff,         07 Civ. 7654 (PKC) (DCF)

        -against-

                                      MEMORANDUM AND ORDER

NATIONAL RAILROAD
PASSENGER CORPORATION
("AMTRAK"), et al.,

                            Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Keith Thomas Cox brings this pro se action for monetary damages under section 1983 of the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights during his arrest and prosecution for two separate thefts that occurred in September and October 2006. Defendants Scotto and Munusky (the "prosecutor defendants") have moved for judgment on the pleadings pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the reasons outlined below, defendants' motion is granted under Rule 12(b)(6).[1]

---

[1] Plaintiff's Amended Complaint indicates that he is an inmate at the Orleans Correctional Facility in Albion, New York. (Amended Complaint ("AC"), ¶ I.A.) On January 23, 2009, plaintiff wrote to the Court to confirm the following mailing address: Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, New York, 14411. The Court will forward copies of its correspondence, including this Order, to that address and directs all remaining defendants in this case to do likewise.

I.      Background

The facts set forth below are alleged in plaintiff's Amended Complaint and accepted as true for purposes of the instant motion. All reasonable inferences have been drawn in plaintiff's favor as the non-movant.

On September 28, 2006, plaintiff entered a Hudson News store located in Pennsylvania Station. (Amended Complaint ("AC"), ¶ II.D. (attachment).) Some time thereafter, Store Manager defendant Rifat Rizvi accused plaintiff of stealing store merchandise and summoned Amtrak Police Officer defendant Ron Hunte to the scene. (Id.) Officer Hunte, acting with the assistance of an unidentified National Guard reservist, detained plaintiff and searched him for "approximately forty-five (45) minutes." (Id.) Officer Hunte later stated under oath that he recovered thirty-two maps from plaintiff's bag and person during this search. (Def. Mem. of Law, at Ex. A (New York County Misdemeanor Complaint No. 2006/NY066029), p. 1.) [2] Following the search, plaintiff was arrested. (AC, ¶ II.D. (attachment).) According to plaintiff, Officer Hunte agreed, during the arrest, to review the store's surveillance videos and confirm defendant Rizvi's account. (Id.)

Plaintiff was arraigned under New York County Misdemeanor Complaint 2006/NY066029 on September 29, 2006. (Id.; Def. Mem. of Law, at Ex. A.) During the

---

[2] Defendants Munusky and Scotto have attached three exhibits (Exhibits A-C) to their Memorandum of Law in Support of Motion to Dismiss the Amended Complaint. Defendants identify the exhibits as follows: New York County Criminal Complaint Number 2006NY066029 (Exhibit A), New York County Criminal Complaint Number 2006NY071879 (Exhibit B), and New York County Indictment Number 6914/2006 (Exhibit C). (Def. Mem. of Law, at 3-4.) Because plaintiff refers to these documents in his own Amended Complaint, the Court will take judicial notice of all three documents as public records and as documents incorporated into plaintiff's Amended Complaint by reference. See Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State ('State') prosecution of Shmueli is a matter of public record, of which we take judicial notice."); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[F]or the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6) . . . [t]he complaint is deemed to include . . . any statements or documents incorporated in it by reference.").

arraignment, plaintiff's counsel requested that "both" surveillance videos be preserved for defense review.  (AC, ¶ II.D. (attachment).) [3]  Plaintiff posted bail following his arraignment and was released from custody.  (Id.)

Three weeks later, on October 20, 2006, plaintiff was arrested for stealing merchandise from a Duane Reade pharmacy located at 4 Times Square, New York, New York.  (Id.; Def. Mem. of Law, at Ex. B (New York County Misdemeanor Complaint No. 2006/NY071879), p. 1.)  The Criminal Court consolidated this second case with plaintiff's pending case.  (AC, ¶ II.D. (attachment).)  Some time after plaintiff's second arrest, plaintiff's counsel repeated his prior preservation request.  (AC, ¶ II.D. (attachment).)

On November 22, 2006 and December 4, 2006, plaintiff was offered an opportunity to plead guilty to the offenses listed in the October 21 complaint – Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree – in exchange for dismissal of the September 29 Complaint.  (Id.)  Plaintiff declined the plea offer on both occasions and, following his second refusal on December 4, defendant Scotto requested an adjournment of both cases in order to present the events of October 20 to a grand jury for indictment.  (Id.)  Plaintiff claims that he made several oral motions of his own to the court on December 4, including an objection to the adjournment request, and that these motions were denied.  (Id.)  On December 28, 2006, defendant Munusky presented the October 20 case to a grand jury and the grand jury indicted plaintiff for Petit Larceny and Burglary in the Third Degree.  (Id.; Def. Mem. of Law, at Ex. C (Indictment), p. 1.)

---

[3]  Plaintiff does not specify which two videos his counsel requested.  The Court will assume a request for any and all relevant video footage from September 28.

The September 29 Complaint was dismissed on February 7, 2007.  (AC, ¶ II.D. (attachment).)  Plaintiff proceeded to trial in the Duane Reade case and was found guilty of Burglary in the Third Degree on April 17, 2007.  (Id.)

Procedural History

Plaintiff commenced the instant action in May 2007.  See Complaint, Dkt. No. 2; Order dated August 28, 2007, Dkt. No. 3, at 1 n.1 (noting that the Court's Pro Se Office received plaintiff's original complaint on May 14, 2007).  By Order dated August 28, 2007, Chief Judge Kimba Wood granted plaintiff leave to proceed in forma pauperis but instructed plaintiff to submit an amended complaint within sixty days of the date of her Order.  (Aug. 28, 2007 Order, at 2.)  Chief Judge Wood outlined the recommended contents of plaintiff's revised pleading in her Order; she emphasized that plaintiff had failed to allege facts demonstrating that a New York County Assistant District Attorney was personally involved in the alleged violation of his federal constitutional rights and she advised plaintiff to correct this defect in his Amended Complaint.  (Aug. 28, 2007 Order, at 2-3, 6-7.)  Plaintiff filed an Amended Complaint on October 17, 2007.  (Dkt. No. 5.)

Defendants Scotto and Munusky moved to dismiss the Amended Complaint on April 1, 2008.  (Dkt. Nos. 21-23.)  Plaintiff filed a Memorandum of Law In Response to Defendants' Motion to Dismiss on April 14, 2008.  (Dkt. No. 25.)  Defendants have not filed a Reply to plaintiff's Memorandum of Law and have not indicated any intention or desire to do so in their recent correspondence with the Court.  See Letter dated January 5, 2009 from Olivia Sohmer, Esq.  The Court will deem defendants' motion fully submitted without a Reply.

II.     Discussion

Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks omitted, alteration in original).  To survive dismissal under Rule 12(b)(6), plaintiff must provide the grounds upon which his claims rest through factual allegations sufficient to raise a right to relief above the speculative level.  See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 127 S.Ct. at 1965). Plaintiff's Amended Complaint is measured against a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), cert. granted, 128 S.Ct. 2931 (2008) (emphasis in original).  This "does not require heightened fact pleading of specifics, [but] it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"  In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 127 S.Ct. at 1974) (second alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

To state a claim under section 1983, plaintiff must allege the violation of a federal constitutional or statutory right by a person acting under color of state law.  42 U.S.C. § 1983.  Plaintiff's Amended Complaint lists five underlying claims — (i) false arrest, (ii) false imprisonment, (iii) defamation, (iv) false prosecution, and (v) deliberate destruction of exculpatory evidence (AC, ¶ V.) — but does not specify which of the six

Case 1:07-cv-07654-PKC-DCF   Document 57   Filed 02/17/09   Page 6 of 11

6

named defendants committed the acts underlying these claims or how those acts amount to a constitutional violation compensable under section 1983.  Even construing plaintiff's allegations as broadly as possible, the Court concludes that his Amended Complaint fails to state a claim against the prosecutor defendants for the following reasons.

First, the Amended Complaint includes only passing reference to the prosecutor defendants and does not allege any facts indicating how those defendants were personally involved in a violation of plaintiff's constitutional rights.  Plaintiff does not allege any activity by the prosecutor defendants prior to his September 29 arraignment.  Plaintiff then alleges that, during the arraignment, his attorney requested that "both" surveillance videos be preserved for defense review.  (AC, ¶ II.D. (attachment).)  But plaintiff does not identify which prosecutor defendant, if either, received this request.  Plaintiff further alleges that his attorney repeated the preservation request some time after plaintiff's October 20 arrest, but plaintiff does not specify when the second request was made or to whom it was directed.  (Id.)

As noted above, the Criminal Court consolidated plaintiff's two cases following the October 20 arrest.  On November 22, 2006, plaintiff was offered a dismissal of Complaint Number 2006/NY066029 (the September 29 complaint) in exchange for a guilty plea to the offenses listed in Complaint Number 2006/NY071879 (the October 21 complaint).  (Id.)  Plaintiff declined this offer.  (Id.)  Plaintiff alleges that he received the same offer again on December 4, 2006 and that he declined a second time, electing to proceed to trial on both matters.  (Id.)  Plaintiff does not identify who tendered these plea offers on behalf of the New York County District Attorney's Office.[4]

---

[4] Plaintiff does note that the second offer occurred on December 4, 2006 and immediately preceded defendant Scotto's request for adjournment.  Because plaintiff's Amended Complaint mentions defendant

Following plaintiff's refusal of the plea offer on December 4, defendant Munusky presented the Duane Reade case (Complaint Number 2006/NY071879) to a grand jury and the grand jury returned an indictment charging plaintiff with Burglary in the Third Degree and Petit Larceny.  The September 29 complaint was dismissed on February 7, 2007.  (Id.)  Plaintiff does not indicate how, if it all, these events demonstrate a violation of his constitutional rights.

Plaintiff proceeded to trial in the Duane Reade matter in April 2007 and the jury returned a verdict of guilty on the charge of Burglary in the Third Degree.  (Id.) Plaintiff contends that he was convicted without ever having received "the items, reports, or documents" to which he was entitled under Brady v. Maryland, 373 U.S. 83 (1963), and People v. Rosario, 9 N.Y.2d 286 (1961), cert. denied, 368 U.S. 866 (1961).  Plaintiff does not identify the material that he believes was withheld, who withheld it, or what it might have contained.  (Id.)

Taken together, this account of plaintiff's conviction does not include any specific allegation of wrong-doing by the prosecutor defendants:  plaintiff does not identify who received and ignored his requests for preservation of the September 28 videos; he does not indicate which prosecutor(s) wrongfully prosecuted him, or how or why those prosecutors knew the prosecution to be improper; and he does not identify who withheld the unidentified Brady and Rosario material to which he believes he was entitled.  Even assuming, however, for purposes of this motion, that plaintiff intends to allege constitutional violations by both prosecutor defendants, his allegations cannot support a damages claim against those defendants under section 1983.

---

Munusky for the first time in connection with the December 28, 2006 grand jury presentation, the Court will assume that plaintiff intends to allege that defendant Scotto made both offers.

If plaintiff seeks to assert his claim against the prosecutor defendants in their official capacity, the Eleventh Amendment bars plaintiff's suit and the Court must dismiss his claims.  See Ying Jing Gan v. City of New York, 996 F.2d 522, 529, 536 (2d Cir. 1993) (reversing denial of summary judgment for assistant district attorney defendant and affirming Rule 12(b)(6) dismissal of claims against District Attorney Morgenthau) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued.  To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state. . . .  'When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State. . . .'") (citations omitted). [5]

If plaintiff seeks to assert claims against the prosecutor defendants in their individual capacities, the Court must also dismiss the Amended Complaint as against those defendants for failure to state a claim upon which relief may be granted.  The Supreme Court has recently reconfirmed that prosecutors are absolutely immune from liability in section 1983 lawsuits based on prosecutorial actions that are "intimately associated with the judicial phase of the criminal process."  Van De Kamp et al. v. Goldstein, 555 U.S. ___, 129 S.Ct. 855, 859-60 (Jan. 26, 2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  This immunity applies when a prosecutor prepares to initiate a judicial proceeding, and it continues throughout the execution of the

---

[5] Defendants Scotto and Munusky have moved for dismissal on immunity grounds under both Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  In light of the Second Circuit's decision in Woods v. Rondout Valley Central School District Board of Education, the Court will consider defendants' claims exclusively under Rule 12(b)(6).  See 466 F.3d 232, 237-38 (2d Cir. 2006) (noting ambiguities in the Supreme Court's treatment of the Eleventh Amendment immunity defense and holding that, consistent with Supreme Court precedent analogizing sovereign immunity to an affirmative defense (versus a jurisdictional bar), the governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to immunity).

prosecutor's basic trial advocacy duties. Id. at 861, 862-63. The Second Circuit has applied the protection of absolute prosecutorial immunity to uphold dismissal of section 1983 claims alleging (i) that a prosecutor fabricated evidence, withheld exculpatory evidence, and attempted to intimidate a defendant into accepting a guilty plea, Peay v. Ajello, 470 F.3d 65 (2d Cir. 2006), (ii) that a prosecutor withheld exculpatory evidence from the grand jury and deliberately suppressed Brady material, Hill v. City of New York, 45 F.3d 653 (2d Cir. 1995), and (iii) that a prosecutor maliciously or selectively prosecuted defendants for personal or political reasons, see Shmueli v. City of New York, 424 F.3d 231 (2d Cir. 2005), and Bernard v. County of Suffolk, 356 F.3d 495 (2d Cir. 2004). The Second Circuit has also expressly stated that a prosecutor's activities in the plea bargaining context merit the protection of absolute immunity from section 1983 claims. Taylor v. Kavanaugh, 640 F.2d 450, 453 (2d Cir. 1981). In reaching these conclusions, the Second Circuit has explained that, notwithstanding whether a prosecutor's alleged conduct might be "reprehensible," an "evaluation of motive and reasonableness is forbidden" in the realm of absolute immunity. Shmueli, 424 F.3d at 237 (citing Imbler, 424 U.S. at 431 n.34, and Robison v. Via, 821 F.2d 913, 918 (2d Cir. 1987)). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused[.]" Bernard, 356 F.3d at 503 (citation omitted). Plaintiff's false prosecution claim falls squarely within this protection.[6]

---

[6] Absolute immunity does not protect a prosecutor acting outside of the trial process in a purely investigative or administrative capacity. See Van De Kamp, 129 S.Ct. at 861; Bernard, 356 F.3d at 502 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). The Court notes, however, that plaintiff has not alleged any investigative or administrative work by either prosecutor defendant. To the contrary, all of

The Court is not convinced, however, that absolute prosecutorial immunity under section 1983 would apply to plaintiff's allegation that defendants deliberately destroyed exculpatory evidence despite his express requests for preservation. Defendants Scotto and Munusky offer no binding authority to support such a proposition and suggest only that "destroying evidence, while undoubtedly reprehensible conduct, is merely a more permanent means of suppressing that evidence from the defense." (Def. Mem. of Law, at 11 n. 4.)  The Court declines to adopt defendants' reasoning but concludes that, even assuming the absence of absolute immunity for such actions, plaintiff has not alleged a violation of his constitutional rights by these defendants through the destruction of video evidence.  See generally Aug. 28, 2007 Order, at 2-3. First, plaintiff does not allege that defendants Scotto and Munusky ever possessed or controlled the videos in question, or that they personally received plaintiff's request that the videos be preserved.  Second, although plaintiff does not explain which two videos he sought, his allegations suggest that the videos relate exclusively to his September 28 arrest. [7]  Prosecutors dismissed the complaint stemming from that arrest in February 2007.  Because plaintiff also alleges that he was arrested based on defendant Rizvi's first-hand observations and the outcome of defendant Hunte's physical search, plaintiff cannot claim that the videos' destruction prompted even this aborted prosecution.  Similarly, because plaintiff's Pennsylvania Station case was consolidated with the Duane Reade case following plaintiff's second arrest on October 20, plaintiff cannot claim that his

---

the prosecutorial action alleged in plaintiff's Amended Complaint post-dates his arraignment on September 29, 2006.

[7] The Amended Complaint alleges that plaintiff's counsel first requested "both" videos at plaintiff's arraignment on September 29.  It also alleges that, following plaintiff's arrest on October 20, "again the request to preserve and hold was made by both the plaintiff and the defense counsel, yet to no avail." (AC, ¶ II.D. (attachment).)  These allegations seem to describe a renewed request for September 28 materials and not a new request for videos related to the Duane Reade arrest.

continued, post-arraignment court appearances during Fall 2006 resulted from the destruction of such evidence. Nor does plaintiff claim that the prosecutor defendants somehow relied on the improper destruction of those videos to secure his April 2007 conviction in the Duane Reade case. In sum, plaintiff has failed to allege any factual connection between the alleged violation of his constitutional rights by these defendants and the deliberate destruction of surveillance videos.

III.   Conclusion

For the foregoing reasons, defendants' motion to dismiss the Amended Complaint under Rule 12 (b)(6), Fed. R. Civ. P., is GRANTED and plaintiff's claims against defendants Scotto and Munusky are dismissed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 13, 2009